**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **P.T.,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**TODD BLANCHE, *et al.*,**<br><br>**Respondents.** | : | **Case No. 4:26-cv-1128-CDL-ALS** |
| **P.T.,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**Warden, STEWART DETENTION CENTER, *et al.*,**<br><br>**Respondents.** | : | **Case No. 4:26-cv-1143-CDL-CHW** |

**ORDER**

Petitioner P.T. previously filed an application for habeas corpus relief pursuant to 28 U.S.C. § 2241, in which a recommendation to dismiss was entered on August 7, 2026. *P.T.T. v. Warden*, 4:26-cv-108-CDL-CHW ("*P.T.I*"). (*P.T.I*, Docs. 1, 8). On August 25, 2026, the Court received a new application for habeas corpus relief filed by Petitioner and opened a new case in 4:26-cv-1128-CDL-ALS ("*P.T.II*"). (*P.T.II*, Doc. 1). The application and case style in *P.T. II* listed a different "A-number" for Petitioner and did not list a middle name for Petitioner like the application in *P.T. I*. (*Id.*) Petitioner paid the filing fee, but because he did not sign the application in *P.T.II*, the Clerk of Court entered a notice of deficiency and directed Petitioner to resubmit his

habeas application within 14 days. (*P.T.I.*, Aug. 25, 2026, Docket Note).

On August 31, 2026, the Court received another habeas application from Petitioner. This application was also unsigned, but it listed the same A-number connected to Petition in *P.T.I.* Because the A-numbers in *P.T.II* and *P.T.III* did not match, the August 31, 2026, application was docketed as a new case, *P. T. v. Warden,* 4:26-cv-1143-CDL-CHW ("*P.T.III*"). (*P.T.III*, Doc. 1). Because Petitioner did not sign the application or include the filing fee, the clerk entered notices of deficiency regarding the filing fee and failure to sign. (*P.T.III*, Aug. 31, 2026, Docket Note).

Petitioner responded to the notices of deficiency entered in *P.T.III* by submitting a signed habeas application and a receipt showing that a filing fee had been drafted from his detention center account on August 19, 2026. (*P.T.III*, Doc. 3). The habeas applications filed in *P.T.II* and *P.T.III* are virtually identical except for the A-numbers in the case styles and a few handwritten corrections. It is evident that the habeas applications submitted and ultimately filed in *P.T.III* were submitted by Petitioner and were meant to correct the various notices of deficiency, which did not require opening a separate case number. Petitioner has also submitted the filing fee for his second action. Consolidating these two cases is warranted.

Even without the likely clerical error that led to a second case being opened, Rule 42(a) of the Federal Rules of Civil Procedure authorizes this Court to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). A court's decision to consolidate [under Rule 42(a)] is 'purely discretionary.'" *Eghnayem v. Boston Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). Exercising this "considerable" discretion requires weighing the risk of prejudice and confusion that could be caused by consolidation against considerations of judicial economy and the prejudice that duplicative litigation may cause, among other considerations. *Id.*

Because consolidation and reassignment of Petitioner's cases will conserve judicial resources and permit the efficient resolution of Petitioner's claims, it is **ORDERED** that cases 4:26-cv-1128-CDL-ALS and 4:26-cv-1143-CDL-CHW, be **CONSOLIDATED** and that case 4:26-cv-1143-CDL-CHW be **ADMINISTRATIVELY CLOSED**. The Clerk of Court is **DIRECTED** to reassign 4:26-cv-1128, the surviving case, to the undersigned magistrate judge.

**SO ORDERED AND DIRECTED**, this 16th day of September, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge